UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**STEFFON GRAVES (#2200000328)**            **CIVIL ACTION**

**VERSUS**

**24-108-BAJ-RLB**

**NURSE PRACTITIONER BROWN, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 24, 2024.

           **RICHARD L. BOURGEOIS, JR.**
           **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STEFFON GRAVES (#2200000328)                                              CIVIL ACTION

VERSUS

24-108-BAJ-RLB

NURSE PRACTITIONER BROWN, ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* Plaintiff, an inmate confined at the East Baton Rouge Parish Prison, Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Nurse Practitioner Brown, Turn Key Medical Company, Sheriff Sid Geauxtro, and Warden Cathy Fotenot, complaining that his constitutional rights are being violated due to deliberate indifference to his serious medical needs. The plaintiff requests injunctive relief.

## 28 U.S.C. §§ 1915(e) and 1915A

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005

(5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id*. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

## Plaintiff's Allegations

The plaintiff suffered a fall and injured his ribs. Following the fall, the plaintiff was seen by defendant Nurse Practitioner Brown who informed him, that based on his current x-rays, there was no need for additional care or surgery for his rib injury. After later experiencing chest pains, the plaintiff was sent to the hospital, and it was discovered that three of his ribs were fractured. Defendant Brown was unprofessional in her treatment of the plaintiff in retaliation for recent write ups.

## Personal Involvement and Deliberate Indifference

### *Personal Involvement*

In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights, or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir.

1983). Any allegation that the defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability"). Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law. *Lozano v. Smith*, *supra*, 718 F.2d at 768.

*Deliberate Indifference*

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison

officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id.* A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff has not set forth any factual allegations showing that any defendant has denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. The plaintiff does not allege any personal involvement with his medical care except on the part of defendant Brown. With regards to defendant Brown, the plaintiff alleges that he was seen by defendant Brown after a fall, x-rays were taken, and defendant Brown stated that based on the x-rays no additional care was required for the plaintiff's ribs. Plaintiff offers only a conclusory allegation that defendant Brown was unprofessional and mistreated him due to recent write ups. The plaintiff has not set forth any factual allegations tending to show that defendant Brown denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints.

Even if the plaintiff had pled such facts, which he has not, the alleged deliberate indifference resulted only in a short delay during which time the plaintiff does not allege to have suffered substantial harm. R. Doc. 1 at 6 (diagnosis of fractured ribs was "a day after" defendant Brown's statement). *See Estes v. Bowers,* 73 F. App'x. 747 (5th Cir. 2003) (no constitutional violation where the plaintiff failed to show he suffered substantial harm as a result of a minor delay in receiving treatment for a rib fracture); *Herod v. University of Texas Medical Branch,* 776 F. App'x. 231 (5th Cir. 2019) (plaintiff failed to state a claim for deliberate indifference for the delay in diagnosing his broken shoulders because he failed to allege that the delay resulted in substantial harm); *Duncan v. Owens,* 2006 WL 1999166 at *4 (W.D. Ark. Jul.17, 2006) (delay in

receiving medical treatment for broken finger not actionable where plaintiff failed to show that delay caused condition to worsen or adversely affected prognosis). As such, the plaintiff has failed to state a claim against any defendant for deliberate indifference to his serious medical needs.

## Grievances/Informal Complaints

To the extent the plaintiff asserts that any defendant failed to properly handle his complaints[1], an inmate does not have a constitutional right to have his administrative proceedings (including informal complaints) properly investigated, handled, or favorably resolved, *Mahogany v. Miller,* 252 F. App'x. 593, 595 (5th Cir. 2007), and there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeal for the Fifth Circuit in *Geiger v. Jowers,* 404 F.3d 371 (5th Cir. 2005) (in the context of the handling of an administrative grievance):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous…[The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless. *Id*. at 373-74.

## Supplemental Jurisdiction

Finally, to the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which

---

[1] In lieu of completing the Statement of Claim section of his Complaint, the plaintiff has attached his grievance and the response thereto. *See* R. Doc. 4, p. 5-6.

it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that Plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[2]

Signed in Baton Rouge, Louisiana, on April 24, 2024.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

---

[2] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of seriou""""'s physical injury."