# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

STEFFON GRAVES

CIVIL ACTION

VERSUS

NURSE PRACTITIONER BROWN, ET AL.

NO. 24-00108-BAJ-EWD

## RULING AND ORDER

This *pro se* prisoner action alleges deliberate indifference to Plaintiff's medical needs. (*See* Docs. 1, 4). Before the Court is the Magistrate Judge's **Report and Recommendation (Doc. 6, the "R&R")**, recommending that Plaintiff's federal claims be dismissed with prejudice, and further recommending that the Court decline the exercise of supplemental jurisdiction over any potential state law claims. The deadline for objecting to the R&R has passed, without any objection from Plaintiff.

Plaintiff alleges that he suffered an injury to his ribs after a fall that required medical attention. (Doc. 4 at p. 5). Upon being examined by Defendant Nurse Practitioner Brown for these injuries, X-rays were ordered and examined, with Nurse Brown concluding that Plaintiff required no further treatment. (*Id.*). Plaintiff does not allege any facts pertaining to the time that elapsed between his fall and treatment by Nurse Brown. A day after being discharged from Nurse Brown's care, Plaintiff was admitted to a hospital for severe chest pains exhibited throughout the night. (*Id.*). There, hospital personnel diagnosed Plaintiff with multiple rib fractures that had been there for "a while." (*Id.*).

However, Plaintiff does not allege what additional care he received for these

rib fractures, if any. Plaintiff also offers the conclusory allegation that Nurse Brown was unprofessional and mistreated him because of recent disciplinary write-ups, but does not provide any specific factual allegations as to why he believes this to be Nurse Brown's motivation for her diagnosis and treatment. As noted in the R&R, to maintain a claim for deliberate indifference to his medical needs, Plaintiff needs to allege facts tending to show that Nurse Brown was subjectively aware of the risk that the fractured ribs posed to Plaintiff, and that, despite this knowledge, Nurse Brown denied medical treatment, administered improper treatment, or ignored his medical complaints. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006); *see also Domino v. Texas Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). Plaintiff's Complaint and Amended Complaint make no such allegations.

Plaintiff also includes Turn Key Medical Company, Sheriff Sid Gautreaux, and Warden Cathy Fontenot as Defendants in this matter, (Doc. 4), under an apparent theory of vicarious liability for Nurse Brown's actions. Bare allegations of vicarious liability based on principles of *respondeat superior* are insufficient for § 1983 claims. *Bell v. Livingston*, 356 F. App'x 715, 716 (5th Cir. 2009) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).

Therefore, having carefully considered Plaintiff's Complaint and Amended Complaint (Docs. 1, 4), the Court **APPROVES IN PART** the Magistrate Judge's R&R and **ADOPTS** the R&R's analysis as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Plaintiff's federal claims against Defendants Turn Key

Medical Company, Sid Gautreaux, and Cathy Fontenot be and are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims against Defendant Nurse Practitioner Brown be and are hereby **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to file an amended complaint within 30 days of the date of this Order, addressing the deficiencies identified herein.

**IT IS FURTHER ORDERED** that Plaintiff's failure to timely submit an amended complaint will result in a judgment dismissing with prejudice all claims against Defendant Nurse Practitioner Brown.

Baton Rouge, Louisiana, this 5th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**